# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VILLANUEVA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SEAN MOORE, Warden,<br><br>　　　　　　Respondent. | Case No. 2:22-cv-06325-SPG (BFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**<br>**[ECF NO. 37]** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner Aaron Villanueva's ("Petitioner") Amended Petition for Writ of Habeas Corpus, (ECF No. 11 ("Amended Petition"); the records on file in this matter; the Report and Recommendation of United States Magistrate Judge, (ECF No. 37 ("Report" or "R. & R.")); and Petitioner's Objections thereto, (ECF No. 41 ("Objections")).  The Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends denial of the Amended Petition and dismissal of this action with prejudice.  (R. & R. at 23).  For the reasons explained below, Petitioner's Objections do not warrant a change to the Magistrate Judge's findings or recommendation.

**I.　　DISCUSSION**

　　　　As set forth in greater detail in the Report, Petitioner seeks habeas relief from his state court conviction for murder in the first degree, among other offenses.  (Am. Pet. at 1).

*See also* (R. & R. at 2–7). His Amended Petition raises two grounds for habeas relief: (1) that the trial court erred in admitting certain statements Petitioner made to a paid informant; and (2) that the trial court erroneously instructed the jury that it could consider the certainty of the eyewitness to the shooting at issue. (Am. Pet. at 5, 7, 19–20). The Report comprehensively evaluated each of Petitioner's grounds for relief under the standard of review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and concluded that neither ground satisfied AEDPA's high bar. (R. & R. at 9).

On June 6, 2024, Petitioner objected to the Report's findings and conclusions, contending generally that the Report incorrectly applied the standard of review and raising specific objections for each asserted ground for relief. (Objs.). The Court now evaluates those Objections, addressing each asserted ground for relief in turn.

### A.   Ground I: Admission of Statements to Informant

Petitioner's first ground for relief focuses on the trial court's admission of statements Petitioner made to a paid civilian informant shortly after he was arrested and brought to the police station. (Am. Pet. at 61). Detective Herman Frettlohr asked this informant to elicit statements from Petitioner about the murder, then placed Petitioner in a cell occupied by the informant. (*Id.* at 53). On direct appeal, the California Court of Appeal concluded that Petitioner's claim under *Miranda v. Arizona*, 384 U.S. 436 (1966), lacked merit because "*Miranda* has no application to questioning when the suspect speaks to someone who is not a police officer or a known agent of police." (ECF No. 8-26 (Lodged Document ("LD") 6) at 12). The California Court also rejected Petitioner's arguments that his statements were involuntary or coerced under the Fourteenth Amendment, evaluating Petitioner's conduct during his detention and concluding that the government's use of a paid informant had not overcome Petitioner's free will. (*Id.* at 13–15).

In considering the Amended Petition, the Report correctly noted that Petitioner "has not challenged the California Court of Appeal's description of the facts relating to Ground One." (R. & R. at 9). Accordingly, because Ground One was adjudicated on the merits in state court proceedings, under AEDPA, Petitioner is entitled to relief only if his state court

proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Report concluded that Petitioner could not meet this burden either for his claim that the government's use of an informant violated his *Miranda* rights or that the statements he made to that informant were involuntary and coerced. (R. & R. at 12–18).

Petitioner objects that the trial court's decision violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and briefly reiterates his arguments on the merits of his *Miranda* and Fourteenth Amendment claims. (Objs. at 2–3). As an initial matter, Petitioner's reliance on *Brady*'s materiality test is misplaced. *Brady* claims concern government suppression of material exculpatory evidence. *Brady*, 373 U.S. at 87. Here, in contrast, Ground One asserts that the trial court erroneously admitted inculpatory evidence. Petitioner also asks the Court to "grant relief on the merits" of his *Miranda* claim, (Objs. at 3), but, under AEDPA, the Court may do so only under the limited circumstances identified in the Report. (R. & R. at 7–9). *See also* 28 U.S.C. § 2254(d)(1). Finally, Petitioner asserts that the California Court of Appeal "applied the incorrect standard of review" when evaluating his Fourteenth Amendment claim, but the standard Petitioner identifies in his Amended Petition is the same standard employed by the California Court of Appeal. *Compare* (Objs. at 3) *with* (LD 6 at 13–15). In sum, Petitioner's objections do not overcome the Report's conclusion that, as to Ground One, the state court did not unreasonably apply clearly established federal law.

**B.  Ground II: CALCRIM Instruction No. 315**

Petitioner's second ground for relief contends that the trial court erred in instructing the jury that they could consider the certainty of an eyewitness's identification, consistent with Instruction No. 315 of the Judicial Council of California Criminal Jury Instructions ("CALCRIM"). (Am. Pet. at 100–24). On direct appeal, the California Court of Appeal noted that, although this particular instruction had been the subject of some controversy, Petitioner forfeited this claim by failing to object to the instruction at trial, and that any

error would have been harmless. (LD 6 at 15–17). The Report concluded that, because this claim "is clearly without merit," the Court should exercise its discretion to reach the merits of the claim notwithstanding any asserted procedural bar. (R. & R. at 20–23). The Report found that CALCRIM Instruction No. 351 was "*consistent* with clearly established federal law" and could not serve as a basis for federal habeas relief. (*Id.* at 21 (emphasis in original)).

Petitioner objects to the Report on the grounds that the trial court's use of CALCRIM No. 351 constituted a *Brady* violation. (Objs. at 4–5). As with his first ground for relief, however, *Brady* is inapposite: Ground Two does not concern suppression of allegedly material evidence. And although Petitioner argues that CALCRIM No. 351 "shift[ed] the burden of proof," (*id.*), the California Court of Appeal considered and rejected this argument when it concluded any error would have been harmless because the "eyewitnesses in this case expressed significant uncertainty at various times in their identifications," (LD 6 at 17 n.9). Finally, Petitioner argues that the trial court's decision to instruct the jury pursuant to CALCRIM No. 351 was "contrary to" or "involved an unreasonable application of" clearly established federal law. (Objs. at 4). But, as the Report comprehensively explained, clearly established federal law in fact *supports* the trial court's decision. (R. & R. at 21). *See also Neil v. Biggers*, 409 U.S. 188, 199 (1972) (holding that "the factors to be considered in evaluating the likelihood of misidentification include . . . the level of certainty demonstrated by the witness at the confrontation").

## II. CONCLUSION

Petitioner's objections are overruled. The Court hereby ORDERS (1) the Report accepted and adopted; and (2) judgment entered denying the Amended Petition and dismissing this action with prejudice.

**IT IS SO ORDERED.**

DATED: August 20, 2024



HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE